UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

PAETRAZE LOPEZ,

    Plaintiff,

v.

CONDUENT STATE & LOCAL SOLUTIONS, INC
A Foreign Limited Liability Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, PAETRAZE LOPEZ ("Ms. Lopez or Plaintiff") files this Complaint against Defendant, CONDUENT STATE & LOCAL SOLUTIONS, INC ("Conduent or Defendant"), and states as follows:

## INTRODUCTION

1.    Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), Americans with Disabilities Act, 42 U.S.C. § 12101 et seq, ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## JURISDICTION, VENUE AND FMLA COVERAGE

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 *et seq*.

3. The Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331 as they arise under 42 U.S.C. § 12101 *et seq*.

4. The Court also has supplemental jurisdiction over Plaintiff's FCRA claim, as it arises out of the same operative facts and circumstances as her FMLA/ADA claims.

5. At all times relevant hereto, Plaintiff was an employee of Defendant.

6. Plaintiff worked for Defendant in Palm Beach County, Florida, and this venue, therefore is proper.

7. Defendant is a Florida nonprofit corporation that provides process services for business and governments in, among others, Palm Beach County, Florida, and is therefore within the jurisdiction of the Court.

8. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce that employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

9. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

10. Plaintiff is a disabled female. At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and ADA because:

    a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of her disability or "perceived disability" by Defendant; and

    b. Plaintiff suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of her disability or "perceived disability."

11. Defendant was at all times an "employer" as envisioned by the ADA as well as §760.02(7), Fla. Stat.

## CONDITIONS PRECEDENT

12. On or around September 30, 2019, Plaintiff dual filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

13. More than 180 days have passed since the filing of the Charge of Discrimination.

14. On March 12, 2020, the EEOC mailed Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within 90 days of her receipt of the same.

15. Plaintiff timely files this action within the applicable period of limitations against Defendant.

16. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

17. Plaintiff worked as a Team Lead for the Defendant from September 12, 2016 until her wrongful termination on December 6, 2018.

18. Ms. Lopez was an excellent employee with no significant history of performance, attendance or disciplinary issues, and who constantly received praise for her performance throughout her tenure.

19. Unfortunately, on October 30, 2018, while at work, Ms. Lopez discovered a lump on the side of her neck.

20. Worried that the growth might be cancerous, Ms. Lopez immediately informed Operations Manager, Jennifer Tong ("Ms. Tong"), of her serious medical condition and drove to the Emergency Room to seek treatment.

21. Ms. Lopez uncontrolled growth on her neck is protected disability under the FCRA/ADA, and a serious health condition under the FMLA.

22. Ms. Lopez' physicians performed a CT scan and bloodwork but were unsure about the nature of the growth and were unable to provide a diagnosis at that time. As a result, her medical team referred her to an Ear, Nose, and Throat Specialist for further treatment.

23. Upon learning this, Ms. Lopez sent Ms. Diaz a text message explaining same and advised her that she would need time off in the future for follow-up medical procedures relating to same.

24. While Conduent's Human Resources team subsequently advised Ms. Lopez that an FMLA claim had been "opened" on her behalf at that time, it failed to provide her with any further guidance or paperwork on how to avail herself of her rights under the FMLA.

25. Pursuant to the FMLA, Ms. Lopez timely notified Conduent managers of her medical situation and request for time away from work for treatment regarding same.

26. Despite this, Conduent neglected to advise Ms. Lopez of her rights under FMLA or provide her with FMLA documentation to protect her absence at that time, or continued anticipated absences, thereafter.

27. This failure alone is tantamount to actionable interference under the FMLA. *See Patterson v. Browning's Pharm. & Healthcare, Inc.*, 961 So. 2d 982, 986 (Fla. 5th DCA 2007).

28. In the subsequent weeks, Ms. Lopez continued have numerous doctor's appointments as her medical team struggled to properly diagnose her serious health condition.

29. As a result, on November 2018, Ms. Lopez, with Conduent's consent and approval, took several days off work in order to manage the barrage of medical appointments she attended for the sole purpose of diagnosing her medical condition.

30. Shockingly, when Ms. Lopez returned to work, she discovered that Ms. Diaz had transferred most of her essential duties to her subordinate, "Annie."

31. Specifically, Ms. Diaz placed Annie in charge of leading team meetings and ensuring the quality of Conduent's Boca Raton operations - tasks Ms. Lopez had managed for years prior to confronting medical issues.

32. Whenever Ms. Lopez attempted to give her input as a Team Lead in any of these situations, moving forward, Ms. Diaz verified that Annie would be taking certain duties from Ms. Lopez' as Conduent's new "interim lead."

33. It is clear that Conduent unfairly "regarded" Ms. Lopez' medical condition as a substantial impairment and elected to relinquish her duties to a subordinate while she was out on what should have been protected FMLA leave and protected by the ADA/FCRA.

34. An employer is required to provide its disabled with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of

her job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

35. Ms. Lopez is an individual with a disability who, with minimal reasonable accommodation, was fully capable of performing the essential functions of her job as a Team Lead.

36. Allowing Ms. Lopez to attend her doctors' appointments without penalty or negative repercussions, such as a reduction of her duties, would have been a reasonable accommodation.

37. This accommodation would have imposed no undue hardship on Defendant.

38. On November 29, 2018, Ms. Lopez underwent an ultrasound test which also failed to give her doctors enough information to diagnose her medical condition. As a result, her medical team scheduled her for biopsy procedure on December 20, 2018.

39. As a diligent employee, Ms. Lopez immediately informed Ms. Diaz of same.

40. Due to Ms. Diaz' previous harassment and discrimination, however, Ms. Lopez was anxious that she was being pushed out of her position because of her medical condition and need for further time off.

41. To make matters worse, Conduent's failure/refusal to appraise our client of her FMLA rights left her unsure as to whether her absences would be protected or not.

42. Afraid to lose her job, Ms. Lopez objected to Human Resources Representative, Damaris Smith ("Ms. Smith"), regarding Ms. Diaz' brazen discriminatory conduct and the failure of Conduent to comply with the FMLA notice requirements.

43. Shockingly, Ms. Smith dismissed our client's concerns and refused to initiate a formal investigation/inquiry into Conduent's hostile and discriminatory environment.

44. Instead of curtailing Ms. Diaz' brazenly unlawful conduct, Conduent elected to terminate Ms. Lopez in anticipation of her scheduled medical procedure.

45. Specifically, on December 6, 2018, when Ms. Lopez came in to work her scheduled shift, Ms. Smith called her and fired her, effective immediately.

46. Stunned, Ms. Lopez asked why she was being terminated, and Ms. Smith informed her that Ms. Diaz had commanded the termination based on "performance issues."

47. In reality, Defendant's termination of Ms. Lopez stemmed from its discriminatory animus toward her use of FMLA leave and need for accommodation under the ADA/FCRA.

48. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the Florida Civil Rights Act.

49. The timing of her termination makes the causal connection between her use of FMLA, her request for reasonable accommodations under the ADA/FCRA, and her termination sufficiently clear.

50. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights.

51. Defendant also retaliated against Plaintiff for attempting to utilize and/or utilizing proper and authorized FMLA leave.

52. Any other reason given for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation and disability discrimination and retaliation.

53. Defendant did not have a good faith basis for its actions.

54. Defendant's actions are the exact type of unfair and retaliatory employment practices the ADA, FCRA, and FMLA were intended to prevent.

55. The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination/retaliation in violation of the ADA/FCRA.

56. The Defendant was aware of Plaintiff's ADA/FCRA-protected disability/handicap and need for accommodation.

57. "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B).

58. Defendant, however, being well-aware of Plaintiff's condition, discriminated against Plaintiff for taking FMLA leave, or what should have been FMLA leave, to seek treatment and for requesting reasonable accommodations.

59. In short, despite the availability of reasonable accommodation under the ADA and FCRA, Defendant discriminated against Ms. Lopez based solely upon her disability/handicap.

60. At all material times hereto, Plaintiff was ready, willing and able to perform her job duties and otherwise qualified for her position, with "reasonable accommodation."

61. Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of her position, despite the fact that Plaintiff could perform same with reasonable accommodation.

62. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

63. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

64. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA/FCRA.

65. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during her employment. Therefore, she is protected class member as envisioned by the ADA and the Florida Civil Rights Act.

66. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimate termination, because of her disability and/or "perceived disability."

67. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

## COUNT I
## UNLAWFUL INTERFERENCE UNDER THE FMLA

68. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 2, 5-9, 17-33, 38-47, 49-54, 58 and 67 above.

69. At all times relevant hereto, Plaintiff was protected by the FMLA.

70. At all times relevant hereto, Defendant interfered with Plaintiff by refusing to advise Plaintiff of her rights and obligations pursuant to the FMLA in response to Plaintiff's request for FMLA.

71. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

72. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

73. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief,

reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## UNLAWFUL RETALIATION UNDER THE FMLA

74. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 2, 5-9, 17-33, 38-47, 49-54, 58 and 67 above.

75. At all times relevant hereto, Plaintiff was protected by the FMLA.

76. At all times relevant hereto, Defendant retaliated against Plaintiff by firing her for her attempted use and/or use of FMLA protected leave.

77. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

78. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised her rights to take approved leave pursuant to the FMLA.

79. As a result of Defendant's intentional, willful and unlawful acts by retaliating against, Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

80. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

81. Plaintiff realleges and adopts the allegations contained in paragraphs 1, 3, 5-7, 10-23, 25, 28-40, 42-49, and 52-67 above.

82. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

83. The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

84. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

85. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

86. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT IV
## RETALIATION UNDER THE ADA BASED ON DISABILITY

87. Plaintiff realleges and adopts the allegations contained in paragraphs 1, 3, 5-7, 10-23, 25, 28-40, 42-49, and 52-67 above.

88. Plaintiff was terminated within close temporal proximity of her objection to Defendant that she felt she was being discriminated against based on her disability.

89. Plaintiff's objections constituted protected activity under the ADA.

90. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be disability discrimination.

91. Plaintiff's objections to Defendant's illegal conduct, and her termination, are causally related.

92. Defendant's stated reasons for Plaintiff's termination are a pretext.

93. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

94. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

95. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

**COUNT V**
**DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY**

96. Plaintiff realleges and adopts the allegations contained in paragraphs 1, 4-7, 10-23, 25, 28-40, 42-49, and 52-67 above.

97. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the Florida Civil Rights Act, Chapter 760, Florida Statutes.

98. The discrimination to which Plaintiff was subjected was based on her disability/handicap, or "perceived disability."

99. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

100. The conduct of Defendant was willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

101. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

102. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT VI
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

103. Plaintiff realleges and adopts the allegations contained in paragraphs 1, 4-7, 10-23, 25, 28-40, 42-49, and 52-67 above.

104. Plaintiff was terminated within close temporal proximity of her objection to Defendant that she felt she was being discriminated against based on her disability/handicap.

105. Plaintiff's objections constituted protected activity under the FCRA.

106. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be disability discrimination.

107. Plaintiff's objections to Defendant's illegal conduct, and her termination, are causally related.

108. Defendant's stated reasons for Plaintiff's termination are a pretext.

109. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

110. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

111. Plaintiff is entitled to recover her reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

112. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 5th day of June 2020.

Respectfully Submitted,

**By:** */s/ Noah Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile:  (954) 337-2771
E-mail: **noah@floridaovertimelawyer.com**